IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ZUFFA, LLC, *d/b/a* THE ULTIMATE FIGHTING CHAMPIONSHIP, ) ) ) | |
| Plaintiff, ) ) | |
| v.                                    ) ) | CASE NO. 3:11-CV-210-WKW [WO] |
| ALLEN BRENT TAAPKEN, *d/b/a* SPORTS ROCK CAFÉ, ) ) ) | |
| Defendant/ Third-Party Plaintiff, ) ) ) | |
| v.                                    ) ) | |
| R.M. GREENE, INC., an Alabama Corporation d/b/a CABLE TV OF EAST ALABAMA, ) ) ) ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zuffa, LLC, brings this satellite/cable piracy and copyright infringement action against Defendant Allen Brent Taapken for exhibiting a mixed martial arts match to patrons at his bar and grill, Sports Rock Café, without authorization or payment of licensing fees, in violation of 47 U.S.C. §§ 553 and 605, and 17 U.S.C. § 501. Mr. Taapken filed third-party claims against his local cable television provider, R.M. Greene, Inc., doing business as Cable TV of East Alabama

("CTVEA"), alleging state law causes of action for negligence and wantonness. Before the court is CTVEA's motion to dismiss the third-party complaint (Doc. # 41), which is accompanied by a brief (Doc. # 42). Mr. Taapken opposes the motion, but moves alternatively for leave to join CTVEA permissively as an additional defendant (Doc. # 46). Mr. Taapken also brings a motion to compel Zuffa to elect either the § 553 claim or the § 605 claim. (Doc. # 46.) After careful consideration, the court finds that the motions are due to be denied.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is proper over the complaint pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction provides the basis for the court's jurisdiction over the third-party complaint. *See* 28 U.S.C. § 1367. Personal jurisdiction and venue are uncontested, and there are adequate allegations supporting both.

## II.  STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and internal quotation marks omitted). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Moreover, when on the basis of a dispositive issue of law, a plaintiff is precluded from maintaining a cause of action on any set of facts, a court may dismiss a complaint under Rule 12(b)(6). *See Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).

### III. BACKGROUND

Mr. Taapken is the sole proprietor of Sports Rock Café, located in Phenix City, Alabama. On August 28, 2010, Sports Rock Café broadcast the Ultimate Fighting Championship # 118, *Edgar v. Penn 2*, for its patrons' viewing pleasure. Zuffa is the owner and copyright holder of the Broadcast, including all undercard matches and the entire television broadcast, which aired August 28, 2010, via closed circuit television and encrypted satellite signal ("the Broadcast" or "UFC # 118"). Only commercial entities which had entered into licensing agreements with Zuffa and paid licensing fees were authorized to exhibit the Broadcast in a commercial establishment. Sports Rock Café had neither a licensing agreement nor authorization to exhibit the Broadcast.

Zuffa's complaint alleges that Mr. Taapken illegally accessed the Broadcast and exhibited it to the patrons of Sports Rock Café without a license or authorization, in violation of Zuffa's proprietary rights and copyright. Zuffa sues Mr. Taapken, individually and doing business as Sports Rock Café, alleging willful violations of 47 U.S.C. §§ 605 and 553, and 17 U.S.C. § 501. Broadly speaking, § 605 prohibits the unauthorized reception and publication or use of satellite signals; § 553 prohibits the unauthorized reception, interception and exhibition of cable services; and § 501 prohibits copyright infringement. Prescribed civil remedies sought by Zuffa under these statutes include injunctive relief, statutory damages, costs and attorney's fees.

Mr. Taapken filed an answer to the complaint, denying liability on the main claims, and a third-party complaint against CTVEA, alleging one count of negligence and one count of wantonness under state law. Mr. Taapken alleges in his third-party complaint that CTVEA, which provided cable television services to Sports Rock Café pursuant to a monthly subscription fee, negligently or wantonly caused the Broadcast to be received and exhibited at Sports Rock Café, without his knowledge or consent and without informing him of the licensing and fee requirements. The gist of the third-party complaint is that CTVEA's negligence and/or wantonness laid the trap that caught Mr. Taapken for violations of §§ 553, 605, and 501. Alleging that he knew neither that the Broadcast was received nor that it was displayed at the Sports Rock

Café, Mr. Taapken contends that he was an unwitting victim of CTVEA's negligence and wantonness.[1] Mr. Taapken alleges that as a proximate result of CTVEA's negligence and wantonness, he suffered damages, including being sued in this action.

## IV. DISCUSSION

### A. <u>CTVEA's Motion to Dismiss Mr. Taapken's Third-Party Complaint</u>

Mr. Taapken brings his third-party complaint against CTVEA, pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure. Rule 14(a)(1) provides that a defendant may bring in a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Impleader, or third-party practice, is proper under Rule 14(a) only when the third-party defendant's liability "is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). Generally, the defendant's liability must be "secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (5th Cir. 1982); *see also Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) ("Rule

---

[1] Mr. Taapken does not deny that UFC # 118 was broadcast at the Sports Rock Café on August 28, 2010, but he appears to deny that he knew at the time of the UFC # 118 broadcast at the Sports Rock Café. The court expresses no opinion at this time as to whether this denial bears on § 553 or § 605 liability.

14(a) only allows third-party plaintiffs to implead a third person if the claims are derivative of the plaintiff's claim.").

In short, all of this means that, if the principal plaintiff prevails against the original defendant, the third-party defendant will be liable for all or part of the original defendant's liability. Conversely, if the original defendant prevails against the principal plaintiff and incurs no liability, the third-party defendant in turn will incur no liability to the third-party plaintiff. *See Faser*, 674 F.2d at 860. Rule 14(a) does not extend, however, to "a separate and independent claim, even though the claim arises out of the same general set of facts as the main claim." *Olavarrieta*, 812 F.2d at 643 (holding that a student's breach of contract and fraud claims against a university's board of regents for failing to award him a J.D. degree were "wholly independent of his liability to the government for defaulting on his student loans").

CTVEA raises two arguments for dismissal of the third-party complaint. First, CTVEA contends that Mr. Taapken's state law claims for negligence and wantonness are separate and independent from the main claims (*i.e.*, Zuffa's claims against Mr. Taapken) and, thus, are not permitted under Rule 14(a)(1). The argument is thin and relies, without elaboration, on *Allstate Ins. Co. v. Hugh Cole Builder, Inc.*, 187 F.R.D. 671 (M.D. Ala. 1999). *Allstate* is distinguishable because in that case the third-party plaintiffs did not contend that they were asserting derivative liability, and vigorously

denied that they were seeking any form of contribution or indemnity, but merely sought to avoid duplicative litigation on third-party claims that arose from similar facts as the main claim. *See id.* at 674. The court found that the third-party plaintiffs' arguments were insufficient to demonstrate Rule 14(a)'s derivative liability requirement.

Here, unlike the third-party plaintiffs in *Allstate*, Mr. Taapken argues that he is asserting derivative liability and that CTVEA's liability is dependent upon the outcome of the main claims brought against Mr. Taapken. Specifically, he contends that in the event that he is found liable to Zuffa, CTVEA (through its negligent and/or wanton conduct) is responsible for the unlawful reception and exhibition of the Broadcast at the Sports Rock Café. As Mr. Taapken's theory is that CTVEA "may be liable" to him for all or part of the claims brought against him by Zuffa, and CTVEA's argument being sparse, the court declines at this juncture to dismiss the third-party complaint on the grounds that the third-party complaint is procedurally improper.

Second, CTVEA contends that Mr. Taapken cannot seek indemnity from it under §§ 553 and 605 in the event that he is found liable on Zuffa's complaint because no statutory or federal common law right to indemnity exists for damages resulting from proven violations of §§ 553 and 605. The flaw in this argument is that nowhere in the third-party complaint has Mr. Taapken alleged that he is seeking indemnity

under these federal statutes. There is no reference to § 553 or § 605 in the third-party complaint.[2] Rather, in his third-party complaint, Mr. Taapken seeks recovery against CTVEA solely under state law for negligence and wantonness. The court is reluctant to read into the third-party complaint facts and theories that are not there.[3] This is particularly so here because there is insufficient argument as to whether the third-party claims stand on their own based upon a standard of care imposed by state law or whether the third-party claims are based solely upon obligations imposed by the federal statutes at issue. On this record, that determination is better made on the evidence at a later stage, rather than on the pleadings.

### B.   Mr. Taapken's Motion for Permissive Joinder of CTVEA

Given that Mr. Taapken is permitted to proceed at this time on his third-party complaint, it is unnecessary to reach his alternative motion to join CTVEA as an additional defendant pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. Accordingly, that motion will be denied as moot.

### C.   Mr. Taapken's Motion to Compel Election

---

[2] Indeed, CTVEA relies on the failure of the third-party complaint to mention § 501 as its reason for not addressing in its opening brief whether § 501 provides a right of indemnity. (*See* Doc. # 47, at 3, in which CTVEA asserts that it "cannot have been expected to address a complaint that was never pleaded against it.").

[3] It is noted that CTVEA appears to have the better argument when it posits that § 553, § 605 and the federal common law do not provide a right to indemnity. *See Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1130–31 (9th Cir. 1998). Answering this issue is not necessary, however, for resolution of CTVEA's motion.

Mr. Taapken's final argument is directed toward Zuffa's complaint. He argues that Zuffa must choose between its § 553 (cable piracy) claim and its § 605 (satellite piracy) claim because, if proved, the piracy likely occurred either by satellite or by a cable system, but not by both. A plaintiff is not required to elect a claim or a remedy at the pleading stage. Rule 8(d) authorizes a plaintiff to plead alternative or inconsistent claims for relief. *See* Fed. R. Civ. P. 8(d)(2) &(3); *see also* Fed. R. Civ. P. 8(a)(3) (providing that a complaint "may include relief in the alternative or different types of relief"). It may be that if Zuffa proves that Mr. Taapken's conduct violated both statutes, Zuffa will have to select a remedy.[4] Zuffa is not required, however, to make that election at this stage of the proceedings. *See Wynfield Inns v. Edward LeRoux Group, Inc.*, 896 F.2d 483, 488 (11th Cir. 1990) ("Generally, an election between inconsistent remedies is made after a verdict is entered but prior to the entry of judgment."). Because no authority or argument has been offered that compels a finding that Zuffa is required to elect a remedy at this time, Mr. Taapken's motion is due to be denied.

---

[4] *See, e.g.*, *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 199–200 (3d Cir. 2001) (holding that a defendant cannot be held liable under § 605 and § 553 for the same conduct); *J & J Sports Prods., Inc. v. Blackwell*, No. 07cv1058, 2009 WL 2171897, at *2 (M.D. Ala. July 21, 2009) ("The court is unpersuaded that a perpetrator would commit double piracy by using both a cable box and a satellite to broadcast a single simultaneous program."); *Time Warner Cable v. Barnes*, 13 F. Supp. 2d 543, 548 (S.D.N.Y. 1998) ("When a court concludes that a defendant's conduct violated both sections 605 and 553 . . . , a plaintiff may recover damages under only one of those sections.").

## V.  CONCLUSION

Based upon the foregoing, it is ORDERED as follows:

(1) CTVEA's motion to dismiss the third-party complaint (Doc. # 41) is DENIED at this time;

(2) Mr. Taapken's motion for leave to join CTVEA permissively as an additional defendant (Doc. # 46) is DENIED as moot;

(3) Mr. Taapken's motion to compel Zuffa to elect claims (Doc. # 46) is DENIED at this time; and

(4) CTVEA's motion for oral argument (Doc. # 58) is DENIED.

DONE this 30th day of March, 2012.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE