IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZUFFA, LLC, *d/b/a* THE ULTIMATE FIGHTING CHAMPIONSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:11-CV-210-WKW [WO] |
| ALLEN BRENT TAAPKEN, *d/b/a* SPORTS ROCK CAFÉ, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zuffa, LLC, *d/b/a* The Ultimate Fighting Championship, claims ownership of the Ultimate Fighting Championship # 118 broadcast, which Defendant Allen Brent Taapken allegedly exhibited at his bar, the Sports Rock Café, without proper authorization and in violation of 47 U.S.C. § 605(a), 47 U.S.C § 553(a), and 17 U.S.C. § 501(a). Zuffa has moved for summary judgment on Counts II and III of its complaint.[1] (Doc. # 63.) Mr. Taapken has filed a response in opposition (Doc. # 65), and Zuffa has replied (Doc. # 72). Based upon careful consideration of the arguments of counsel, the relevant law, and the record as a whole, Zuffa's motion is due to be denied.

---

[1] Zuffa's motion makes no mention of the 47 U.S.C. § 605(a) violation alleged in Count I of the complaint. Mr. Taapken is correct to point out, therefore, that Zuffa's motion "is, in reality, a motion for partial summary judgment." (Def.'s Summ. J. Resp. 1 n.1 (Doc. # 66).)

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The parties do not contest personal jurisdiction or venue, and the court finds that there are allegations sufficient to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Allen Brent Taapken owns a bar – or at least he owned a bar – known as the Sports Rock Café. The Sports Rock Café was a small operation; Mr. Taapken claims the only two employees were a bartender and a cook. The bar also had two security personnel, one of whom is named Anthony Sherman ("the bouncer"), and a part-time disk jockey.

On August 28, 2010, Mr. Taapken claims he was in and out of the bar running errands. At some point, someone at the bar decided to watch the big fight and ordered a pay-per-view broadcast of the Ultimate Fighting Championship # 118 over the bar's cable television system. Mr. Taapken claims it was the bouncer who made the purchase. To that end, Mr. Taapken submits evidence that the bouncer told patrons he would pay the $49.95 fee for the broadcast. (Iocca Aff. ¶ 4.) According to Mr. Taapken, the bouncer had no authority to operate the bar's televisions, much less to purchase the fight. In fact, Mr. Taapken claims he was out of the bar when the fight was purchased and that he knew nothing of it until he heard from Zuffa's counsel.

Plaintiff Zuffa, LLC, better known by its trade name "The Ultimate Fighting Championship," claims ownership of the televised broadcast of the fight. According to Zuffa, the only way Mr. Taapken could have legally purchased the fight would have been through a commercial licensing agreement with either Zuffa or one of its authorized agents. No such agreement appears to have been made. It is undisputed that the fight was purchased through the bar's cable box using a remote control.

Zuffa filed suit in this court with a three-count complaint alleging unauthorized publication or use of communications under 47 U.S.C. § 605(a), unauthorized reception of cable service under 47 U.S.C. § 553(a), and copyright infringement under 17 U.S.C. § 501(a).

### III.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the non-moving party has failed to present evidence in support of some element

of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

## IV. DISCUSSION

In its motion for summary judgment, Zuffa submits evidence tending to prove that violations of 47 U.S.C § 553(a) and 17 U.S.C. § 501(a) occurred at the Sports Rock Café on the night in question. But the court need not decide whether that evidence shows that no "reasonable jury could return a verdict for [Mr. Taapken]." *Damon*, 196 F.3d at 1358 (internal quotation marks and citation omitted). Instead, the

court finds that even assuming *arguendo* the violations of law Zuffa alleges actually occurred, there remains a question of material fact as to whether Mr. Taapken can be properly held responsible for those violations.

Mr. Taapken has produced evidence in the form of an affidavit – which Zuffa has not rebutted – that he was not at the bar when the purported violations occurred. (Def.'s Aff. ¶¶ 11–13.) Mr. Taapken has further produced evidence that the bouncer who allegedly ordered the fight was not an employee of the bar, but an independent contractor. (Def.'s Aff. ¶ 9.) Mr. Taapken's evidence indicates that the bouncer's sole responsibilities were "to check [identification] and to make sure that no customers got too rowdy" and that ordering a pay-per-view broadcast on the television was an action the bouncer was "certainly not authorized" to take. (Def.'s Aff. ¶¶ 13–14.) Construing this evidence in the light most favorable to Mr. Taapken, a reasonable jury could find that Mr. Taapken had nothing to do with the bouncer's unauthorized and unilateral decision to order the fight.

Yet even if Mr. Taapken had nothing to do with the alleged violations, Zuffa might still succeed on summary judgment if it can make a sufficient showing that Mr. Taapken, as the sole proprietor of the Sports Rock Café, should be held vicariously liable for the bouncer's actions. Mr. Taapken argues that because the bouncer was an independent contractor, he can only be liable for the bouncer's actions if the evidence

shows he "reserved the right of control over the means and methods" by which the bouncer performed his duties. *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009). At least one other district court in this circuit, however, has found that "the standard for vicarious liability based on a violation of 47 U.S.C. § 533 or 47 U.S.C. § 605 is the same standard imposed in copyright infringement cases," *i.e.*, "the plaintiff need only show that the individual defendant had the 'right and ability to supervise the violations, and that he had a strong financial interest in such activities.'" *Joe Hand Promotions, Inc. v. Sorota*, No. 11-80985-CIV, 2012 WL 2414035, at *2 (S.D. Fla. June 26, 2012). It is unnecessary, however, on summary judgment to resolve this conflict, as application of either standard hinges upon facts that are in dispute, *viz.*, the nature and extent of Mr. Taapken's control over the bouncer. Because of this dispute, Mr. Taapken's vicarious liability for the bouncer's actions cannot be determined on summary judgment.

Zuffa also makes an interesting argument that Mr. Taapken is directly liable for the alleged violations. Zuffa starts from the premise that "a sole proprietorship and its owner are essentially one and the same." (Pl.'s Reply 2 (Doc. # 72) (*quoting Lowery v. Hoffman*, 188 F.R.D. 651, 653–54 (M.D. Ala. 1999).) From that premise, Zuffa reasons that because the alleged violations occured "*within* Sports Rock Café," they are directly attributable to Mr. Taapken, for "he is essentially one and the same

with his business." (Pl.'s Reply 3 (emphasis added).) Zuffa has cited no authority to support the proposition that a business owner is automatically liable for a violation of law merely because it occurred within his place of business, so the argument fails at this juncture.

## V. CONCLUSION

Notwithstanding Plaintiff's evidence indicating that the violations alleged in the complaint actually occurred, there remains a genuine dispute of material fact regarding Defendant's liability for those alleged violations. Accordingly, it is ORDERED that Plaintiff's motion for summary judgment (Doc. # 63) is DENIED.

DONE this 11th day of September, 2012.

                                               /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE